UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARLENA GREEN                                                                    PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:17-cv-747-CRS

YAMAMOTO FB ENGINEERING, INC.,

and

TROY SMITH                                                                       DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on motion of the Plaintiff, Marlena Green ("Green") to remand the action back to Jefferson Circuit Court, Kentucky. (DN 5.) For the reasons stated in this memorandum opinion, the Plaintiff's motion to remand the action will be **GRANTED.**

### I.  BACKGROUND

The Plaintiff filed a Complaint in Jefferson Circuit Court, Kentucky on November 17, 2017 alleging claims of sexual harassment and common law battery. The Complaint names two defendants: Yamamoto FB Engineering, Inc. ("Yamamoto"), the Plaintiff's employer; and Troy Smith ("Smith"), an individual employee of Yamamoto and the Plaintiff's supervisor (collectively, "Defendants").

In December of 2017, the Defendants filed a notice of removal. As grounds for removal, the Defendants asserted that the "Plaintiff fraudulently named Smith as a Defendant" and that the "Plaintiff has failed to allege facts sufficient to support a claim against Smith under Kentucky law." (DN 2, ¶ 2.)

The Plaintiff filed a motion to remand the action back to Jefferson Circuit Court, arguing that both of the Defendants are citizens of Kentucky and that no diversity jurisdiction exists. (DN 5.) In response, the Defendants argue that, because all claims against Smith should be dismissed and because Yamamoto is not a citizen of Kentucky, complete diversity exists such that this court has original jurisdiction of the action.

**II.     STANDARD**

District courts have original "diversity" jurisdiction of an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." 28 U.S.C.A. § 1332(a). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (quotations omitted).

When a civil action is "brought in a State Court of which the district courts of the United States have original jurisdiction, [it] may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). The removing defendant bears the burden of proving that removal was proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Further, "[t]he district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party" and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

**III.    DISCUSSION**

The pivotal issue before this court is whether a claim has been stated against Smith, an individual both parties agree is a citizen of Kentucky. (DN 1, ¶ 9; DN 8, 2.) If a claim indeed

has been stated against Smith, this court does not have original diversity jurisdiction of the action and the case must be remanded back to Jefferson Circuit Court, Kentucky.

The Defendants contend that Green has failed to state a claim against Smith, arguing that Green's battery claim against Smith fails as a matter of law because it is preempted by the Plaintiff's sexual harassment claim under the under the Kentucky Civil Rights Act ("KCRA" or "Act") to the extent that the Plaintiff has alleged a claim against Yamamoto under the KCRA. More generally, the Defendants state that, "all tort claims – including intentional torts – premised on discriminatory conduct are preempted by the KCRA." (DN 6, 7.)

In support of this statement, the Defendants refer the court to *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). The Kentucky Supreme Court in *Grzyb* found that a claim of sex discrimination under the KCRA against an employer preempts a claim of public policy wrongful discharge against the employer because "the same statute that enunciates the public policy prohibiting employment discrimination because of 'sex' also provides the structure for pursuing a claim for discriminatory acts in contravention of its terms." *Id.* at 401. The issue in *Grzyb* is whether the KCRA preempts a public policy wrongful discharge cause of action against employers. *Grzyb* does not stand for the broad proposition that all intentional tort claims based upon discriminatory conduct, including those brought against individuals, are preempted. Likewise, none of the remaining cases to which Defendants cite in support of their argument state as much.[1]

---

[1] *See Hume v. Quickway Transp., Inc.,* 2016 WL 3349334 at *6-7 (W.D. Ky. June 15, 2016) (finding that a wrongful discharge claim against an employer based on alleged discriminatory conduct was preempted by the KCRA); *see also Ritchie v. Tourism, Arts and Heritage Cabinet*, 2011 WL 5008323 at *4 (Ky. Ct. App. Oct. 21, 2011) (citing to the holding in *Wilson v. Lowe's Home Center*, 75 S.W. 3d 229 (Ky. Ct. App. 2001), which found that a KCRA claim preempted an IIED claim against an employer); *see also Willis v. CMM of Indiana, LLC*, 2008 WL 2548803 at *2 (also citing to the holding in *Wilson*, 75 S.W. 3d).

To the contrary, Kentucky case law indicates that tort claims against individuals are *not* preempted by the KCRA. In 2001, the Kentucky Court of Appeals addressed an issue similar to the one before the court – whether an intentional infliction of emotion distress ("IIED") tort claim, brought against an individual, was preempted by the KCRA when the plaintiff simultaneously brought a KCRA claim against his employer for the same acts. *Wilson v. Lowe's Home Center,* 75 S.W.3d 229 (Ky. Ct. App. 2001), superseded by statute, KRS § 344.270, as stated in *Owen v. University of Kentucky,* 486 S.W.3d 266 (Ky. 2016). The Court in *Wilson* found that an IIED claim against an *employer* is subsumed by the KCRA because the Act already extends protection to individuals for "personal dignity and freedom from humiliation" from discriminatory acts by employers. (*Id.* at 239.) (citing KRS § 344.020(1)(b).) Notably, however, the Court "disagree[d] that the IIED claims against the three individuals were subsumed by the KRS Chapter 344 claim against [the employer]." *Id.* Rather, the Court held that, "Clearly, the fact that a civil rights claim may be filed against an employer does not prohibit the filing of an IIED claim against the offending individuals against whom no civil rights claim could have been filed." *Id.*

The Court in *Wilson* unambiguously held that an intentional tort claim may be brought against an individual simultaneously with a KCRA claim against an employer based upon the same conduct or actions. As such, the court finds that Green has stated a battery claim against Smith that is plausible on its face.

The Sixth Circuit has held that if "there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne*, 183 F.3d at 493. Because the Plaintiff has stated a plausible battery claim against Smith, Smith remains a party to this action. As such, "there is a colorable basis" to predict that Green

may recover from Smith, a non-diverse defendant. The court need not determine whether Yamamoto is a Kentucky citizen in order to find that complete diversity does not exist. This court does not have original jurisdiction of this action, and therefore the court must grant the Plaintiff's motion to remand.

Lastly, there are a host of other issues in this action which the court will not address, including the confusion arising from the Plaintiff's inartfully drafted Complaint. The court reserves these issues for the state court.

## IV. CONCLUSION

For the reasons stated, the court will **GRANT** the Plaintiff's motion to remand the action to Jefferson Circuit Court, Kentucky.

An order will be entered in accordance with this opinion.

May 24, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record